UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LLOYD STONER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:07-CV-1538 DJS |
| STATE OF MISSOURI, | ) |
| Respondent. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Lloyd Stoner for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court will grant applicant provisional leave to file this action pursuant to 28 U.S.C. § 1915(a).

### The Petition

Petitioner, a Missouri state prisoner incarcerated at the Jefferson City Correctional Center ("TCC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for a conviction which arose in Pettis County, Missouri. JCCC is located in Cole County, Missouri, which is in the Western District of Missouri. 28 U.S.C. § 105(b)(4). Pettis County is located in the Western District of Missouri. 28 U.S.C. § 105(b)(4).

### Discussion

**This Court lacks jurisdiction to entertain the petition.**

Under 28 U.S.C. § 2241(a), "[W]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Prior to the Supreme Court's decision in Braden v. 30th Judicial Circuit Court of

Kentucky, 410 U.S. 484 (1972), the phrase "within their respective jurisdictions" was generally construed to mean that a district court's habeas corpus jurisdiction was limited to cases where the prisoner seeking relief was confined within the court's geographic boundaries. Ahrens v. Clark, 335 U.S. 188 (1948). If the prisoner could not be found within the geographic boundaries of the district, then the district court had no subject matter jurisdiction over the petition.

In Braden, however, the Supreme Court held that a district court's habeas jurisdiction extended to those cases where the "custodian can be reached by service of process, even if the prisoner himself is confined outside the court's territorial jurisdiction." Braden, 410 U.S. at 495. In reaching its conclusion, the Court noted that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Id. at 494-95.

When Congress enacted § 2241 (d) it further expanded the habeas corpus jurisdiction of those federal courts which happen to be located in a state having two or more judicial districts. Specifically, a federal district court located in a state having at least two judicial districts may still entertain a petition for a writ of habeas corpus even though neither the prisoner nor the custodian is located within the boundaries of the district court; provided, however, that the state court which convicted and sentenced the prisoner is located within the boundaries of the district court. 28 U.S.C. § 2241(d). In such a case, the district court where the prisoner is "in custody" and the district court where the conviction arose have concurrent jurisdiction to entertain the petition and either district may issue the writ. Id.

In the case at hand, neither the petitioner nor the respondent is located within the geographic boundaries of the Eastern District of Missouri. Therefore, this Court does not have authority to entertain this petition.

**Western District of Missouri has jurisdiction over petition.**

Because the petitioner is incarcerated in Cole County, Missouri, both petitioner and respondent can be found in the Western District of Missouri. Furthermore, petitioner is challenging a conviction that arose in the Western District of Missouri. Thus, the Western District of Missouri has sole authority to entertain this petition.

**The Court's authority to transfer petition.**

Although § 2241 authorizes transfer where there is concurrent jurisdiction, § 2241 does not explicitly authorize transfer if concurrent jurisdiction is lacking. Under 28 U.S.C. § 1631, however, a district court which finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought.[1] 28 U.S.C. § 1631. Upon transfer pursuant to § 1631, the action proceeds as if it had been originally filed in the court to which it is transferred. Id. Because petitioner is proceeding pro se and in forma pauperis and seeks habeas relief, the undersigned believes that it would be in the interest of justice to transfer this case to the Western District of Missouri pursuant to 28 U.S.C. § 1631.

Therefore,

**IT IS HEREBY ORDERED** that the petitioner is provisionally granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(d) and that the Clerk shall receive and file the petition in this action without payment of the required filing fee. 28 U.S.C. § 1915(a). Because this case is to be transferred to the United States District Court for the Western District of Missouri, such leave to proceed in forma pauperis is subject to modification by the Western District upon transfer.

---

[1] If the issue is framed as one of improper venue rather than lack of subject matter jurisdiction, then transfer is proper under 28 U.S.C. § 1406(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued upon the said petition because the petition is to be transferred.

An appropriate order shall accompany this memorandum and order.

Dated this  5th  day of September, 2007.

                                               /s/Donald J. Stohr
                                               UNITED STATES DISTRICT JUDGE